**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4438**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAQUON DENTELL LITTLES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:16-cr-00237-TDS-8)

Submitted:  May 22, 2024                                            Decided:  May 8, 2025

Before GREGORY and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  George E. Crump, III, Rockingham, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daquon Dentell Littles appeals the 36-month sentence imposed upon revocation of his supervised release. The sentence was the result of an upward variance and constituted the statutory maximum sentence. On appeal, Littles argues that the revocation sentence is procedurally and substantively unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. This [c]ourt will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, applying "the same procedural and substantive considerations that guide our review of original sentences," but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up). "[I]f a sentence is either procedurally or substantively unreasonable," we then address "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

When fashioning an appropriate revocation sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b), p.s. (2016); *see United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013). Pursuant to 18 U.S.C. § 3583(e), the court also must

2

consider certain enumerated factors under 18 U.S.C. § 3553(a), but excluded from that list is "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); *see id.* § 3583(e). We have recognized, however, that "the factors listed in § 3553(a)(2)(A) are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *Webb*, 738 F.3d at 641. Consequently, although the district court may not base a revocation sentence "predominately" on the § 3553(a)(2)(A) factors, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642.

In asserting that his revocation sentence is procedurally unreasonable, Littles argues that the district court predominantly based the sentence on the seriousness of the supervised release violations instead of focusing on the breach of trust. "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (cleaned up). The district court must, at a minimum, explain the sentence sufficiently to permit meaningful appellate review "with

3

the assurance that the court considered any potentially meritorious arguments raised by [the defendant] with regard to his sentencing." *United States v. Gibbs*, 897 F.3d 199, 205 (4th Cir. 2018) (cleaned up). And where, as here, a court imposes a sentence above the policy statement range, the court must explain why that sentence "better serves the relevant sentencing [factors]." *Slappy*, 872 F.3d at 209 (internal quotation marks omitted).

Here, the district court sufficiently explained the reason for imposing the upward variant, statutory maximum 36-month revocation sentence. The court first engaged in a colloquy with defense counsel about Littles' violations. Before imposing the sentence, the court stated that it had considered all of the § 3553(a) factors applicable under § 3583(e). Next, although the court did not invoke the words "breach of trust," it expressed disappointment that Littles, who initially performed well on supervision, violated the conditions of supervised release by engaging in drug trafficking. The court then recounted Littles' criminal history of conduct similar to the conduct giving rise to the supervised release violations, and it cited two applicable § 3553(a) factors—the need "to afford adequate deterrence to criminal conduct" and the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B), (C). The court acknowledged Littles' arguments for a within-policy statement range sentence based on his initially positive performance on supervision, but explained that its decision to impose the statutory maximum sentence was driven by the presence of unauthorized firearms in Littles' residence and his obstructive attempt to hide the firearms following his December 2021 arrest. As the Government notes, the court's consideration of the obstructive behavior also implicated Littles' breach of the court's trust. Finally, we conclude that the court's

4

consideration of the seriousness of Littles' supervised release violations—a factor excluded from the applicable § 3553(a) factors under § 3583(e)—did not render the revocation sentence procedurally unreasonable because it was intertwined with permissible factors, namely protection of the public and deterrence. *Webb*, 738 F.3d at 642. Thus, we conclude that Littles' revocation sentence is not procedurally unreasonable.

Littles argues that his revocation sentence is substantively unreasonable in light of the requests by both himself and the Government for a within-policy statement range sentence and because of his initial success on supervision. "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). In imposing the upward variant sentence, the district court recognized Littles' initial success on supervised release, but emphasized Littles' subsequent possession of firearms and efforts to obstruct justice and ultimately concluded that the needs for deterrence and public protection warranted the statutory maximum sentence. We conclude that under the totality of the circumstances, the court provided appropriate reasons for the sentence Little received and, hence, his revocation sentence is substantively reasonable.

Littles' sentence is not unreasonable and therefore it is not plainly unreasonable. Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5